E-FILED
Thursday, 08 December, 2005 02:50:32 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TAMALA A. SHELLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 04-1139 |
| | ) | |
| THE PRUDENTIAL INSURANCE | ) | |
| COMPANY, OF America, | ) | |
| | ) | |
| Defendant. | ) | |

# **O R D E R**

Before the Court is Magistrate Judge Byron G. Cudmore's Report and Recommendation ("R & R") [Doc. # 35], addressing Defendant's Motion to Dismiss Counts C, D and E of Plaintiff's Amended Complaint [Doc. # 28]. Defendant has filed objections and Plaintiff has responded. For the reasons that follow, the Court will grant in part and deny in part Defendant's motion.

**BACKGROUND**

On March 30, 2004, Plaintiff filed a two count complaint in state court seeking supplemental disability benefits from Defendant. Thereafter, Defendant removed the action to this Court. On January 27, 2005, Plaintiff filed a five count Amended Complaint claiming breach of contract (Count A); violations of Section 155 of the Illinois Insurance Code (Count B), the Illinois Consumer Fraud and Deceptive Trade Practices Act (Count C), and the Uniform Deceptive Trade Practices Act (Count D); and common law fraud (Count E).

Defendant moved to dismiss Counts C through E of the Amended Complaint arguing they failed to state a claim upon which relief could be granted. Magistrate Judge Cudmore recommended that Count

D be dismissed and that Plaintiff's claims based on her allegation regarding misrepresentations about the supplemental disability insurance policy benefits not being reduced by payments from her primary disability insurer be dismissed.  He further recommended that the remaining claims in Counts C and E stated a claim for relief and should not be dismissed.  Defendant objects to the recommendation that Counts C and E not be dismissed.  Plaintiff has responded to Defendant's objections but has not filed any objections of her own.[1]

### LEGAL STANDARD

A district court reviews *de novo* any portion of a Magistrate Judge's Report and Recommendation to which "specific written objection has been made."  Fed.R.Civ.Pro. 72(b).  "The district judge may accept, reject, or modify the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions."  Id.  However, the Court emphasizes that Rule 72(b) contemplates "<u>specific</u>, written objections to the proposed findings and recommendations [of the magistrate judge]."  Id. (emphasis added).

### ANALYSIS

When considering a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6), the Court must view the complaint in the light most favorable to the plaintiff and the complaint's well-pleaded factual allegations must be accepted as true.  Williams v. Ramos, 71 F.3d

---

[1] Because Plaintiff has not objected to the Magistrate Judge's recommendation the Court will adopt that part of the recommendation which recommends dismissal of some of her claims.  See Johnson v. Zema Sys. Corp., 170 F.3d 734, 739 (7th Cir. 1999)(failure to object constitutes waiver of any objection).

1246, 1250 (7th Cir. 1995).  Therefore, a complaint can only be dismissed if a plaintiff cannot prove any set of facts upon which relief can be granted.  <u>Travel All Over the World, Inc. v. Kingdom of Saudi Arabia</u>, 73 F.3d 1423, 1429-30 (7th Cir. 1996).  However, the Court is not bound by a plaintiff's legal conclusions.  <u>Baxter by Baxter v. Vigo County School Corp.</u>, 26 F.3d 728, 730 (7th Cir. 1994).

In Counts C and E of the Amended Complaint, Plaintiff alleges that Defendant violated the Illinois Consumer Fraud and Deceptive Trade Practices Act and the Uniform Deceptive Trade Practices Act (Count C) and that it committed common law fraud (Count E) when it made certain representations in a document (the "communication")[2] offering supplemental disability insurance to Plaintiff (as a Western Illinois University employee).  In particular Plaintiff alleges Defendant represented (1) that the disability coverage was "supplemental" when it was actually additional coverage under which Defendant made its own determination of disability and provided coverage on different terms, (2) that the coverage would make Plaintiff's disability insurance coverage "comparable to a corporate plan of benefits" when in fact it would not because separate disability determinations would be made by the supplemental company and the primary company which would not happen with a corporate plan, and (3) that the primary insurer would make the disability determination for the supplemental coverage when in fact the claims were determined by Defendant and subject to

---

[2]The communication is attached to Plaintiff's Amended Complaint as Exhibit A.

deferential review in this Court.[3]

**Plaintiff's Illinois Consumer Fraud and Deceptive Trade Practices Act and Uniform Deceptive Trade Practices Act (Count C) claims are time barred.**

In its motion to dismiss, Defendant argues, among other things, that Count C of Plaintiff's Amended Complaint is barred by the three-year statute of limitations. In response, Plaintiff argues that the Amended Complaint relates back to the original complaint thus making Count C timely. Under Illinois law, an amendment relates back to the original complaint when it arises out of the same transaction or occurrence as the one identified in the original complaint. Schorsch v. Hewlett-Packard, Co., 417 F.3d 748, 751 (7th Cir. 2005). Stated another way, "an amendment relates back in Illinois when the original complaint 'furnished to the defendant all the information necessary ... to prepare a defense to the claim subsequently asserted in the amended complaint.'" Id. citing Boatmen's National Bank of Belleville v. Direct Lines, Inc., 56 N.E.2d 1101, 1107 (Ill. 1995).

The Court finds that Plaintiff's Count C does not relate back to the original complaint. Plaintiff's original complaint alleged claims for breach of contract and violation of Section 155 of the Illinois Insurance Code arising from the denial of disability benefits to Plaintiff. The communication relied upon in the Amended Complaint is not mentioned anywhere in the original

---

[3] Plaintiff also alleges the communication indicated the supplemental disability insurance policy benefits were not reduced by payments from her primary disability insurer, however, as discussed above, the Magistrate Judge recommended the claims based on this allegation be dismissed and Plaintiff did not object to that recommendation.

4

complaint, nor are the relied upon alleged misrepresentations. The original complaint focused on the denial of Plaintiff's disability claim,[4] not on the alleged conduct which induced Plaintiff to purchase the insurance as the Amended Complaint does. Consequently, the Court finds that the original complaint does not furnish Defendant with all of the information necessary to prepare a defense to the claims asserted in the Amended Complaint, and that the claims therefore do not relate back to the original complaint. Thus, Count C is dismissed as time barred.

**Plaintiff has sufficiently stated a claim for common law fraud to survive a motion to dismiss.**

Defendant argues that Plaintiff has failed to state a claim for common law fraud. To succeed on her common law fraud claim, Plaintiff must show: (1) Defendant made a false statement of material fact; (2) Defendant knew the statement was false; (3) Defendant intended for the false statement to induce Plaintiff to act; (4) Plaintiff justifiably relied upon the truth of the statement; and (5) Plaintiff was damaged by relying on the false statement. Davis v. G.N. Mortgage Corp., 396 F.3d 869, 882 (7th Cir. 2005). Viewing the allegations in Plaintiff's Amended Complaint in the light most favorable to her, Plaintiff has alleged: (1) that Defendant intentionally made misrepresentations about how disability was determined under the supplemental policy

---

[4] In finding that the amendment did relate back, the Magistrate Judge relied upon an allegation in the original complaint which stated that Defendant failed to deliver a Certificate of Insurance to Plaintiff. The Court respectfully disagrees that this allegation is sufficient to place Defendant on notice that Plaintiff was complaining about conduct related to her purchase of the disability insurance.

in order to induce Plaintiff to buy the policy; (2) that Plaintiff justifiably relied on those misrepresentations in deciding to buy the policy; and (3) that Plaintiff was injured by those misrepresentations because she was left with inadequate coverage for her disability.  The Court agrees with the Magistrate Judge that this is sufficient to survive Defendant's Motion to Dismiss.

## CONCLUSION

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss Counts C, D and E of Plaintiff's Amended Complaint [Doc. # 28] is GRANTED IN PART and DENIED IN PART.  Counts C and D of Plaintiff's Amended Complaint and her claims based on the alleged misrepresentation that the supplemental disability insurance policy benefits were not reduced by payments from her primary disability insurer are dismissed.  The motion is denied in all other respects.


ENTERED this ___8th___ day of December, 2005.


                                          s/ Joe B. McDade
                                        JOE BILLY McDADE
                                United States District Judge